PS 8
(Rev. 5/02 WVN)

# UNITED STATES DISTRICT COURT
## for the
## Northern District of West Virginia

U.S.A. vs. JAMES MANSFIELD DAVIS                                    Docket No.: 1:24CR18

### Petition for Action on Conditions of Pretrial Release

COMES NOW MARCUS WEESE, U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant James Mansfield Davis, who was placed under pretrial release supervision by the Honorable Michel John Aloi, sitting in the Court at Clarksburg, West Virginia on April 30, 2024. On that same date, the defendant entered a plea of guilty to an Information charging him with Possession of Child Pornography.

On May 14, 2024, the defendant, through his counsel, filed a motion to modify the conditions of pretrial release to permit him to possess a singular electronic device with internet access. On May 21, 2024, the Court granted the defendant's motion while modifying those conditions to include the United States Probation Officer's ability to monitor the device through installed monitoring software. On May 24, 2024, courtesy supervision was requested and granted from the Southern District of West Virginia.

On June 5, 2024, the Government filed a motion to modify the conditions of the defendant's pretrial release to include a restriction on the possession of a computer device until a computer use agreement is constructed, not permit the defendant to possess a telephone capable of creating and storing digital images, provide United States Probation Officers in the Southern District of West Virginia guidance on how to address the defendant's cell phone device containing a camera, and adding a polygraph condition relative to supervision requirements. On June 7, 2024, the Court entered an order granting the Government's unopposed motion to modify the defendant's conditions of pretrial release and imposing the modifications to the defendant's pretrial release supervision.

On September 5, 2024, Chief United States District Judge Thomas S. Kleeh sentenced the defendant to an imprisonment term of 82 months, followed by a supervised release term of 20 years. He was ordered to surrender for service of sentence at the institution designated by the Bureau of Prisons before 12:00 p.m. on October 4, 2024. The defendant was continued on bond pursuant to the Order Setting Conditions of Release entered in the Northern District of West Virginia on April 30, 2024, as follows:

*See attached Order Setting Conditions of Release*

Respectfully presenting petition for action of court for cause as follows:

| Violation Number | Nature of Non-Compliance |
|---|---|
| 1. | <u>Violation of Condition 4: The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.</u><br><br>The defendant has remained under courtesy supervision in the Southern District of West Virginia for the pendency of this case. On Monday, October 7, 2024, the undersigned officer was contacted via telephone by the United States Marshals Service, who verbally advised that the defendant failed to surrender for service of his sentence as ordered by the Court. |

## PETITIONING THE COURT

[X] To issue a warrant

[ ] To issue a summons

[ ] Neither

<u>U. S. Pretrial Services Officer Recommendation:</u> Court action is recommended at this time. The defendant has outwardly defied the Court's order by failing to report to his Bureau of Prisons designation by the date and time imposed at sentencing. The defendant's supervising pretrial services officer in the Southern District of West Virginia has not been contacted by the defendant, and no responses have been provided via telephone or text message. The defendant's failure to report is a blatant disregard to the Court's order. It is respectfully requested the defendant's bond be revoked in this matter, and that he be remanded to begin serving the sentence imposed by the Court.

The term of supervision should be:

[X] Revoked

[ ] No action taken at this time

[ ] The conditions of supervision should be modified as follows:



Respectfully,

*Marcus Weese*
_____
Marcus Weese
U.S. Pretrial Services Officer
Place: Clarksburg, West Virginia
Date: October 8, 2024

THE COURT ORDERS

☐ No action
☒ The Issuance of a Warrant
☐ The Issuance of a Summons
☐ Other

ORDER OF COURT

Considered and ordered this 10th day of October, 2024 and ordered filed and made a part of the records in the above case.

_____
U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

FILED
APR 3 0 2024
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No: 1:24-CR-18
                                           (JUDGE KLEEH)

JAMES MANSFIELD DAVIS,

    Defendant.

## ORDER SETTING CONDITIONS OF RELEASE

It is ORDERED that the defendant's release is subject to these conditions.

(1)    The defendant must not violate federal, state or local law while on release.

(2)    The defendant must cooperate with the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)    The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of a residence or telephone number.

(4)    The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

        The defendant must appear at:    500 West Pike Street, Clarksburg, West Virginia
                                                     *(place)*

        *(N/A)*
                                  *(date and time)*
                AS ORDERED by the Magistrate or District Judge

(5)    The defendant must sign an Appearance Bond, if ordered.

### ADDITIONAL CONDITIONS OF RELEASE

    IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( )  (6)    The defendant is placed in the custody of:

        Person or organization_____

Address (only if above is an organization)_____

City and State_____ Tel. No._____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed:_____ _____
*Custodian*                                       *Date*

( ) (7)      The defendant shall:
    (x) (a) submit to supervision by and report for supervision to United States Probation, 320 West Pike Street, Clarksburg, West Virginia, telephone 304-624-5504 ***immediately after court proceedings on April 30, 2024*** and anytime thereafter as directed by the Probation Office.
    N/A (b) continue or actively seek employment.
    N/A ( ) (c) continue or start an education program.
    (x) (d) surrender any passport to US Probation Office, Northern District of West Virginia.
    (x) (e) not obtain a passport or other international travel document.
    (x) (f) abide by the following restrictions on personal association, residence or travel: may not travel outside of the Northern District of West Virginia without advance written approval from United States Probation _____ Reside in Parkersburg _____ . SDW
                                            *(other)*
    (x) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution including: anyone who is named in the indictment/information against you unless that person is your spouse, child, parent or sibling.
    ( ) (h) get medical or psychiatric treatment:_____
_____
    ( ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes _____
_____.
    ( ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
    (x) (k) not possess a firearm, destructive device, or other weapon.
    (x) (l) not consume alcohol to excess.
    (x) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a medical practitioner.
    ( x ) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
    ( ) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
    ( ) (p) participate in one of the following location restriction programs and comply with its requirements as directed.

( ) (i) **Curfew.** You are restricted to your residence everyday from _____ to _____ or as directed by the pretrial services office or supervising officer; or

( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

( ) (q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

( ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

(x) (r) report as soon as possible to the pretrial services office or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ) (s) not purchase, possess or use any paraphernalia related to any controlled substance.

( ) (t) not purchase, possess or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants, and shall not frequent places that sell or distribute synthetic cannabinoids or designer stimulants.

(x) (u) not abuse prescription medication.

(x) (v) shall be prohibited from possessing a potentially vicious/dangerous animal or residing with anyone who possesses a potentially vicious animal. The Probation Officer has sole authority to determine what animals are considered to be potentially vicious/dangerous.

(x) (w) participate in a program of mental health counseling if directed by the pretrial services office or supervising officer.

(x) (x) not have any unsupervised contact with children.

(x) (y) not possess a computer; not have a computer in the home; not have any access to computer or the Internet under any circumstances.

## ADDITIONAL TERMS OF PRE-SENTENCE RELEASE AND PRE-TRIAL RELEASE IN A CHILD PORNOGRAPHY CASE

(1) Defendant shall not possess or use a computer, or any other electronic device (including but not limited to cellular telephones with internet capability) capable of being connected to the internet.

(2) Defendant shall not connect to the internet for any purpose.

(3) Defendant shall not aid or assist another to connect to the internet for any purpose.

(4) Defendant shall not possess or use a telephone which is capable of taking, storing or sharing digital images.

(5) Defendant shall not possess any sexually explicit movies, videos, CD's, magazines nor shall Defendant possess any device which stores digital images including but not limited to digital images of sexually explicit activities.

(6) Defendant shall not have any unsupervised contact with any child under the age of 18 years.

(7) Defendant shall not visit any school or public facility where he may be in contact with a child under the age of 18 years.

(8) Defendant shall forthwith comply with all applicable federal and state sex offender registration requirements and laws and shall update the same as required by law.

(9) Defendant shall not associate with any person who is known by Defendant to view or exchange images or pictures of child pornography (sexually explicit and provocative acts and poses involving persons under the age of 18 years).

(10) Defendant shall not view any sexually explicit movies, videos, CD's, magazines nor shall Defendant possess any device which stores or is capable of permitting the viewing of digital images including but not limited to digital images of sexually explicit activities.

(11) Defendant shall consent to a search of his residence, motor vehicle, and storage facility located on the same property as his residence by his pretrial services/probation officer for the purpose of determining whether Defendant is in compliance with the Order Setting Conditions of Release.

(12) Defendant shall consent to his pretrial services/probation officer viewing on premises or removing any item for viewing off premises which is suspected of being possessed in violation of the Order Setting Conditions of Release.

(13) Defendant shall surrender to his pretrial services/probation officer anything which the officer determines is being possessed by Defendant in violation of the Order Setting Conditions of Release.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)   any other felony, you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4)   a misdemeanor, you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Clarksburg WV
*City and State*

### Directions to the United States Marshal

[X] The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 4.30.24

_____
Michael John Aloi
United States Magistrate Judge

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                      Criminal No. 1:24-CR-18
                                        (Chief Judge Kleeh)
JAMES MANSFIELD DAVIS,

Defendant.

## UNITED STATES' MOTION TO MODIFY CONDITIONS OF RELEASE

Comes now the United States of America, by and through William Ihlenfeld, United States Attorney, and Sarah E. Wagner, Assistant United States Attorney, and files this motion to modify the conditions of pretrial release of the defendant, James Mansfield Davis. This Court previously modified the conditions of Mr. Davis' pretrial release to allow him to "possess one electronic device with internet connectivity so long as it is installed with monitoring as directed" by the United States Probation Office charged with his supervision.

The USPO for the Southern District of West Virginia (USPO SDWV), who will be supervising Mr. Davis on pretrial release, has advised the undersigned of the following:

1.     The USPO SDWV does not use monitoring software and is not be able to facilitate monitoring as directed by this Court. It is the practice of the USPO SDWV to conduct searches on approved electronics to monitor their use.

2.     In addition, Mr. Davis has a smart phone, Wi-Fi, a smart TV, and ROKUTV in his residence, all of which are internet capable devices. Under the current

1

order, Mr. Davis will have to remove all but one of the internet capable devices from his residence.

3. The government requests that the Court clarify for USPO SDWV whether Mr. Davis may continue to possess the above internet capable devices or whether he must remove all but one.

4. Additionally, in order to facilitate appropriate monitoring of Mr. Davis' electronic devices, the government requests the Court add the following condition:

> The defendant must not possess or use a computer or other device (as defined in 18 U.S.C. § 1030(e)(1)) capable of Internet access until a Computer Use Agreement is developed and approved by the pretrial services officer. Such approval will not be unreasonably withheld. Such computers, computer hardware or software possessed solely by the defendant is subject to searches and/or seizures by the probation office.

5. The government also requests replacing the condition number four, that Mr. Davis not possess a telephone capable of taking, storing or sharing digital images with the following condition:

> The defendant shall not purchase, possess or control cameras, camcorders, or movie cameras without prior approval of the probation officer, which shall not be unreasonably withheld.

In the alternative, the government requests that the Court provide USPO SDWV with further guidance as to how to address the fact that Mr. Davis' smart phone has a camera on it.

6. The government also requests that the Court add the following condition in

2

order to assist USPO SDWV in monitoring the defendant's compliance with his conditions of bond:

> The defendant shall undergo polygraph examinations to monitor compliance with conditions of pretrial release (including computer and internet restrictions and no contact with minors), as directed by the probation office. The polygraph examiner shall not ask questions pertaining to the instant offense or ask questions or administer tests that compel the defendant to make incriminating statements or to provide information that relates to the issue of guilt or innocence.

WHEREFORE, for the foregoing reasons, the government requests that Mr. Davis' conditions of release be modified as set forth above.

Respectfully submitted:

UNITED STATES OF AMERICA,
WILLIAM IHLENFELD
United States Attorney

/s/ Sarah E. Wagner
Sarah E. Wagner
Assistant United States Attorney
320 West Pike Street, Suite 300
Clarksburg, WV 26301
Telephone: (304) 623-7030

3

## **CERTIFICATE OF SERVICE**

I, Sarah E. Wagner, certify that on June 5, 2024, I electronically filed the foregoing with the Clerk using the CM/ECF system, which will send notification of such filing to counsel for the defendant.

/s/ Sarah E. Wagner
Sarah E. Wagner
Assistant United States Attorney
United States Attorney's Office
320 W. Pike Street, Suite 300
Clarksburg, WV 26301-2710
Telephone: (304) 623-7030